UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK D. MARTIN, | No. C 11-2942 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| M. SEPULVEDA, chief medical officer; et al., | |
| Defendants. | |

## INTRODUCTION

Derrick D. Martin, an inmate at the Correctional Training Facility in Soledad, filed a *pro se* civil rights action under 42 U.S.C. § 1983, and the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.* ("ADA"). His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Derrick D. Martin alleges the following in his complaint: Martin is a disabled individual who requires accommodation under the ADA for disabilities that apparently pertain to right hand weakness and other ailments including knee, back, and leg pain. In November 2010, he went to the medical department to renew his annual CDC-7410 comprehensive accommodation chrono. A doctor "did in fact accommodate" his needs, but then, on November 10, 2010, the chief medical officer ("CMO") at CTF denied a requested lower bunk in a lower tier cell. Complaint, p. 3. Martin went to his new doctor, Dr. Kohler, on December 16, 2010, who "filled

out a new CDC-7410 accommodation form granting the Ground Floor Cell, Bottom Bunk, Extra Mattress, Knee Brace, Ortho Shoes, and Rx. Glasses . . . all of which was denied on 12/17/2010, except for the Rx. Glasses & Ortho Shoes by CMO." *Id.* (error and ellipses in source).  Martin alleges that he has a CDC-1845 disability placement program verification form for a lower bunk and no stairs,  Id., and wants a CDC-7410 form that agrees with his CDC-1845 form, so that he will not be housed other than in a lower bunk in a lower tier of the prison.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id*. at 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. (ADA), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  Although § 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the

2

modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. *Weinreich v. Los Angeles County MTA*, 114 F.3d 976, 979 (9th Cir. 1997).

Liberally construed, the complaint states a claim for a violation of the ADA based on prison officials' refusal to provide reasonable accommodations for Martin as a disabled person.

The court liberally construes the complaint to allege claims against the defendants in their official capacities, and finds that Martin has named appropriate defendants. Here, the "public entity" that allegedly discriminated against Martin would have been CTF - Soledad or the CDCR or both. State correctional facilities are "public entities" within the meaning of the ADA. *See* 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). A suit against a person in his official capacity is considered to be a suit against the entity of which the officer is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). For example, naming the warden in his official capacity, and naming the director of the California Department of Corrections and Rehabilitation is considered a suit against those two entities.

The complaint does not allege a claim under 42 U.S.C. § 1983.

## CONCLUSION

For the foregoing reasons,

1. The complaint states a claim for relief under the ADA against defendants in their official capacities. All other claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants:

3

        - Mathew Cate (Director of California Dept. of Corrections & Rehabilitation)
        - Randy Grounds (Warden of CTF - Soledad)
        - G. Ellis (Chief Executive Officer of CTF - Soledad)
        - M. Sepulveda (Chief Medical Executive of CTF - Soledad)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 23, 2011**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 27, 2012**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **February 13, 2012**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

  7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  8. If defendants believe this case may be amenable to resolution in the Pro Se Prisoner Settlement Program *before any dispositive motions are filed*, they shall so inform the court no later than **December 9, 2011**.

  IT IS SO ORDERED.

Dated: October 24, 2011              _____
                         SUSAN ILLSTON
                        United States District Judge